\*\* E-filed March 21, 2011 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GLENN HARPER, | No. C09-05758 JW (HRL) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |
| v. | |
| CITY OF SAN JOSE, et al., | |
| Defendants. | [Re: Docket No. 34] |

**BACKGROUND**

Plaintiff Glenn Harper ("Harper"), an African-American police officer with the San Jose Police Department ("SJPD"), filed this action against the City of San Jose (the "City"), the SJPD, and SJPD Chief Robert Davis ("Davis") (collectively, "Defendants") for racial discrimination and retaliation in violation of 28 U.S.C. § 1983. After he was passed over for promotion and complained of racial discrimination to state and federal agencies, Harper was transferred from vice to patrol. Docket No. 1 ("Complaint") ¶¶ 6-10. He was told that he was being transferred because a subordinate female officer in his unit made a discrimination/harassment complaint against him. Id. ¶ 10. Harper claims that Defendants used the complaint — which was ultimately determined by the SJPD Internal Affairs ("IA") Department to be unfounded — as a pretext to demote him in retaliation for his complaints of racial discrimination. Id. ¶ 12.

Harper served the IA Department with a subpoena for "all internal affairs files and complaints" related to him. Defendants objected to the production of any internal affairs file and any

related recorded statements, summaries of statements, and any testimony from SJPD officers about the investigation contained in the file. While Harper has been allowed to personally review the file, Defendants have refused to produce it in response to his discovery request. In January 2011, this Court accepted the parties' stipulation to submit the contents of the internal affairs file *in camera* to this Court and to brief their respective positions. Docket No. 28.

On March 17, 2011, upon review of the contents of the IA file and consideration of the parties' arguments and declarations in support, this Court ordered the SJPD IA Department to produce, pursuant to a protective order, a copy of the contents of the IA file to Harper. Docket No. 51.

Harper now moves under Federal Rule of Civil Procedure 37(a) for an order requiring Defendants to pay the $5,700 in attorneys' fees and costs he accrued in relation to the dispute over the IA file. Docket No. 34. Defendants opposed the motion (Docket No. 49), and Harper failed to file a reply brief. Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for determination without oral argument, and the March 29, 2011 hearing is vacated.

**DISCUSSION**

The essence of Harper's argument is that Defendants' objection to producing the contents of the IA file was without "substantial justification," in light of the prior case law. Thus, he argues, Rule 37 requires this Court to award him his expenses.

Rule 37(a) provides that if a court grants a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5).[1] However, "the court must not order this payment if: (i) the movant filed the motion before attempting in food faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Id.

---

[1] The Court notes that Harper never actually filed a motion to compel, and so this Court never granted one. Instead, as explained above, the parties stipulated to submit the contents of the internal affairs file *in camera* to this Court and to brief their respective positions. Docket No. 28. However, even if he had, the Court's decision here would be the same.

1  Defendants' objection to the production of IA file was not frivolous as Harper suggests.
2  While it is true that well-reasoned (but non-binding) prior cases have required production of similar
3  materials in similar situations and that this Court ultimately found Defendants' arguments against
4  production to be uncompelling, in making its decision the Court also expressed skepticism about the
5  IA's file's relevance to this action. Indeed, in its March 17 Order, the Court noted that Harper's
6  argument as to the relevance of the IA file was a tenuous one. This Court does not agree that
7  Defendants' objection to production was not "substantially justified." When the relevance of the
8  discovery sought is such a close call, this Court refuses to order Defendants to pay Harper's
9  attorneys' fees and costs. Harper's motion is denied.

## CONCLUSION

Based on the foregoing, Harper's motion for attorneys' fees and costs is DENIED.

**IT IS SO ORDERED.**

Dated: March 21, 2011



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C09-05758 JW (HRL) Notice will be electronically mailed to:**

Michael J. Dodson              cao.main@sanjoseca.gov
Nkia Desiree Richardson        cao.main@sanjoseca.gov
Thomas Kevin Bourke            TallTom2@aol.com

**Please see General Order 45 Section IX C.2 and D; Notice has NOT been electronically mailed to:**

Rizwan Ramzanali Ramji
Law Office Thomas K Bourke
One Bunker Hill
601 West Fifth Street
Eighth Floor
Los Angeles, CA 90071-2094

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

4